**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JORGE ALBERTO DIAZ RAMIREZ,

Petitioner,

v.

DORA CASTRO, in her capacity as Warden of Otero County Processing Center; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

Case No. 2:26-cv-03113-MIS-JMR

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Jorge Alberto Diaz Ramirez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed September 18, 2026. The Petitioner is a citizen of Mexico, who has resided in the United States since 2003, when he arrived in the United States at the age of four. Pet. at ¶ 1. Petitioner graduated from high school in 2018. ECF No. 1-1 at 3. He has resided in Grand Prairie, Texas, since 2011, and has maintained employment since at least 2024. Id. at 63. He has no criminal convictions. Id. at 67.

Nevertheless, on April 1, 2026, he was taken into custody after a vehicle he was a passenger in was stopped and he had not been wearing a seatbelt. Pet. at ¶ 8. He was shortly thereafter

transferred into the custody of the U.S. Immigration Customs and Enforcement and is currently detained at the Otero County Processing Center in Chaparral, New Mexico. Id. Prior to his detention, he was not provided a bond hearing. Id. at p. 7.

On April 3, 2026, Petitioner received a Notice to Appear informing him that the United States had initiated removal proceedings against him under Section 240 of the Immigration and Nationality Act. ECF No. 1-1 at 9. On August 3, 2026, an Immigration Judge denied Petitioner's application for asylum, request for withholding of removal under § 241(b)(3), and request for withholding of removal under the Convention Against Torture and found Petitioner inadmissible under Section 212(a)(6)(A)(i). Id. at 31. The Immigration Judge granted Respondent's request for post-conclusion voluntary departure and stated only that Petitioner "must post a $0.00 bond with DHS within five business days of this order" as a condition of the voluntary departure. Id. at 32. On August 24, 2026, Petitioner appealed the Immigration Judge's inadmissibility finding. Id. at 19.

Petitioner argues that his detention without pre-deprivation notice and a bond hearing violates his Fifth Amendment right to due process. Pet. at 6. He also argues that his prolonged detention, now exceeding six months, has become punitive and violates his Fifth Amendment right to due process. He seeks immediate release from detention. Id. at 5, 7. Finally, he argues that given his pending appeal, his departure is not reasonably foreseeable. Id. at 6.

On September 21, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 4. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holdings in Santillan Quiroz v. Mullin, 180

F.4th 1226 (10th Cir. 2026) or Simental v. De Anda-Ybarra, 1:26-cv-01144-MIS-KRS, Order Granting Petition, 2-3, ECF No. 8 (D.N.M. May 4, 2026) requires relief." Id.

On October 5, 2026, the federal Respondents filed a "Response to [the] Petition." ECF No. 5.[1] Therein, they state:

> For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief. Respondents submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner.

Id. at 1 (citing Santillan Quiroz v. Mullin, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026)).

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address.'" Alfaro Herrera v. Baltazar, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting Series 17-03-615 v. Teva Pharms. USA, Inc., 785 F. Supp. 3d 904, 935 (D. Kan. 2025)); see also C1.G on behalf of C.G. v. Siegfried, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Accordingly, the Court finds that Respondents' non-opposition to the Petition constitutes a concession that Petitioner is being detained in violation of his Fifth Amendment right to due process and in violation of 8 U.S.C. § 1254a(d)(4).

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

Indeed, in Santillan Quiroz, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th at 1237. That is precisely the situation presented by this case. Accordingly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief.

In addition, to the extent that 8 C.F.R. § 1240.26(c)(3) allows for an Immigration Judge to impose conditions upon the granting of post-conclusion voluntary departure beyond a voluntary departure bond, the Immigration Judge must "advise the alien of such conditions before granting voluntary departure." In this case, however, the IJ, on making his order granting "post-conclusion voluntary departure," did not advise the Petitioner of any "conditions beyond" a voluntary departure bond as required by 8 C.F.R. § 1240.26(c)(3), informing Petitioner that of the departure period and that he "must post a $0.00 bond with DHS within five business days of this order." ECF No. 1-1 at 32. Petitioner was further informed of his right to appeal and that if he does, he "must submit proof of having posted the voluntary departure bond" (which was set at $0.00) in order for the Board to reinstate the voluntary departure period in its final order. Id. at 33. Thus, the Court finds because the Immigration Judge did not inform Petitioner that he would be detained prior to granting post-conclusion voluntary departure, § 1240.26(c)(3) does not provide a basis for continued detention of Petitioner.

The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally ECF No. 5. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the

Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Jorge Alberto Diaz Ramirez from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;
3. Respondents shall return all of Petitioner's seized property to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and
5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE